**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 09-cv-01565-PAB

MICHAEL L. WHITBY,

      Plaintiff,

v.

LIME FINANCIAL SERVICES, LTD.,
DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee, and
PUBLIC TRUSTEE, CITY AND COUNTY OF DENVER,

      Defendants.
_____

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS
OR IN THE ALTERNATIVE MOTION FOR SUMMARY JUDGMENT**
_____

This matter comes before the Court on defendant Deutsche Bank National Trust

Company's motion to dismiss or, in the alternative, motion for summary judgment

[Docket No. 12].  Several years after purchasing a house in Denver, Colorado, plaintiff

Michael Whitby brought this lawsuit to rescind the mortgage loan.  Mr. Whitby claims

that at the time he purchased the property and took out the mortgage, the defendants

failed to make certain disclosures required by state and federal law.  Defendant

Deutsche Bank National Trust Company has moved for dismissal on a number of

grounds.  Having considered the parties' arguments, I GRANT Deutsche Bank's motion.

While the statutes invoked by Mr. Whitby do provide consumer protections in certain

situations, they are not applicable here.

**I.  BACKGROUND**

The background facts are straightforward.  On December 7, 2006, Mr. Whitby

bought a piece of property at 840 South Hudson Street in Denver, Colorado from his sister.  Def. Deutsche Bank's Mot. to Dismiss [Docket No. 12] ("Def.'s Mot.") at 2; Pl.'s Resp. to Def.'s Mot. to Dismiss [Docket No. 23] ("Pl.'s Resp.") at 1; *see also* Aff. of Michael L. Whitby, attached to Pl.'s Resp. ("Whitby Aff.") ¶ 2.  At the time of the purchase, Mr. Whitby resided with his elderly mother.  Whitby Aff. ¶ 2.  Mr. Whitby claims that he intended to use the property as his principal residence after he finished remodeling it.  *Id.* ¶ 4.  However, because the remodeling project took some time, Mr. Whitby rented the property to the remodeling contractor and then to his sister and her family.  *Id.* ¶ 5.  It appears that Mr. Whitby never actually moved into the home.  *Id.* ¶¶ 5-6.

To finance the purchase of the property, Mr. Whitby obtained a first mortgage from defendant Lime Financial Services.  *Id.* ¶ 3; *see also* Def.'s Mot. at 2; Pl.'s Resp. at 2.  Mr. Whitby alleges that he stopped paying on this loan in October 2008.  Am. Compl. [Docket No. 11] ("Am. Compl.") ¶ 17.  Foreclosure proceedings were initiated, and the property was scheduled to be sold by the public trustee on July 2, 2009.  *Id.* ¶¶ 17-18.

In an attempt to halt the foreclosure, Mr. Whitby filed a complaint and motion for a temporary restraining order in this Court.  The complaint asserts claims under the federal Truth in Lending Act ("TILA"), the federal Real Estate Settlement Procedures Act ("RESPA"), and the Colorado Consumer Credit Code ("CCCC"), all stemming from the defendants' alleged failure to make certain disclosures at the time Mr. Whitby closed on the property.  *See* Compl. [Docket No. 1].  Following a hearing, I denied the

motion for a TRO.  *See* Courtroom Minutes [Docket No. 3].  The foreclosure sale went ahead as scheduled.  *See* Status Report [Docket No. 9].

On the afternoon of July 24, 2009, Mr. Whitby filed an amended complaint containing slight modifications but still asserting the same three basic claims.  *See* Am. Compl.  Hours later, Deutsche Bank filed a motion to dismiss, *see* Def.'s Mot., in which Lime subsequently joined, *see* Def. Lime Financial Services' Joinder in Mot. to Dismiss [Docket No. 18].  In addition to mounting substantive attacks on all three of Mr. Whitby's claims, Deutsche Bank argued that it had not been properly served and that, as a result, this Court lacked jurisdiction over it.  Def.'s Mot. at 5.  Mr. Whitby filed a response to this motion, *see* Pl.'s Resp., and Deutsche Bank filed a reply, *see* Def.'s Reply in Support of Mot. to Dismiss [Docket No. 25] ("Def.'s Reply").[1]

The Court heard argument on Deutsche Bank's motion the morning of November 6, 2009.  At the hearing, Deutsche Bank's counsel conceded that Deutsche Bank had received proper service.  In addition, Mr. Whitby's counsel conceded that his RESPA claim was barred by the statute's one-year limitations period.  I took the remaining claims under advisement.

---

[1]  In its reply brief, Deutsche Bank advanced a new argument concerning whether the *Rooker-Feldman* doctrine bars certain of Mr. Whitby's claims.  Reply at 4-5. Without seeking leave, Mr. Whitby filed a "supplemental response" addressing this argument. [Docket No. 27.]  The rule in this circuit is that *if* a court relies on new materials or arguments raised in a reply brief, the court must permit a response.  *Pippin v. Burlington Resources Oil and Gas Co.*, 440 F.3d 1186, 1192 (10th Cir. 2006).  On the other hand, the court may preclude a surreply if it does not consider the new argument.  *Id.*  As explained herein, my ruling does not rely on the *Rooker-Feldman* doctrine.  For that reason, I need not and do not consider either the new materials in Deutsche Bank's reply brief or Mr. Whitby's supplemental response.

## II.  ANALYSIS

### A.  Standard of Review

Deutsche Bank's motion is styled as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56.  Deutsche Bank does not specify what issues it attacks under which rule, but begins its motion by listing "undisputed facts," each fact supported by attached evidence.  Mr. Whitby responds by pointing to "established" facts, referencing an affidavit in support of those facts.  As both parties appear to be focused on summary judgment-type arguments, often relying on matters outside of the pleadings, the Court will review the motion under the standards set forth in Rule 56.  *Cf.* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

According to Rule 56(c), a court should grant summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-50 (1986); *Concrete Works, Inc. v. City & County of Denver*, 36 F.3d 1513, 1517 (10th Cir. 1994).  Only disputes over material facts can create a genuine issue for trial and preclude summary judgment.  *Faustin v. City & County of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005).  A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim.  *Wright v.*

4

*Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001).  An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party.  *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997) (citing *Anderson*, 477 U.S. at 248).

### B.   Truth In Lending Act

The federal Truth in Lending Act and Regulation Z, TILA's implementing regulations, provide protections for consumers engaging in certain types of credit transactions.  Mr. Whitby specifically invokes TILA's rescission provision, 15 U.S.C. § 1635, in an attempt to rescind his mortgage on the property.  Am. Compl. at 6-7.  That section provides rescission rights

> in the case of any consumer credit transaction . . . in which a security interest, including any such interest arising by operation of law, is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended.

15 U.S.C. § 1635(a).

Deutsche Bank argues that the rights set forth in section 1635 apply only to a loan secured by the debtor's "principal dwelling" and contends that Mr. Whitby never used the property for that purpose.  Def.'s Br. at 6.  In response, Mr. Whitby claims that, at the time of the purchase, he intended and expected that the property would be his principal residence following the completion of the remodel.  Pl.'s Resp. at 5-6; *see also* Whitby Aff. ¶ 4.  In support, Mr. Whitby cites *Glover v. Doe Valley Development Corp.*, 408 F. Supp. 699 (W.D. Ky. 1975), which held that rescission rights apply if the property at issue "is used *or is expected to be used* as the principal residence of the obligor." *Id.* at 706 (emphasis added).

The flaw in Mr. Whitby's argument is that the versions of TILA and Regulation Z considered by the *Glover* court were later amended to remove this "expected to be used" trigger.  At the time of the *Glover* decision, TILA provided rescission rights "in the case of any consumer credit transaction in which a security interest . . . is or will be retained or acquired in any real property which is used *or is expected to be used* as the residence of the person to whom credit is extended."  15 U.S.C. § 1635(a) (1976) (emphasis added).  The relevant portion of Regulation Z mirrored this statutory language.  *See* 12 C.F.R. § 226.9(a)(1975) (providing rescission rights where the securing property "is used *or is expected to be used* as the principal residence of the customer") (emphasis added).  However, as part of the Truth in Lending Simplification and Reform Act, passed in the early 1980s, the "expected to be used" language was dropped.  *See* Pub. L. No. 96-221, 94 Stat. 132 (1980).  The statute was revised to provide that rescission may be had only where the secured property "is used as the principal dwelling of the person to whom credit is extended."  *See id.*, Title VI, Sec. 612(a)(1); *see also* 15 U.S.C. § 1635(a) (1982).  Regulation Z was similarly revised; like the statute, the new regulation expressly omitted the "expected to be used" language and now provides rescission rights "[i]n a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling . . . ."  12 C.F.R. § 226.23(a)(1) (1982).[2]  Of particular relevance here, the implementing rules explained that "unlike the [then-]current regulation, the revised regulation no longer applies to property 'expected to be used' as the consumer's principal dwelling but is limited to

---

[2]  The operative language of TILA and Regulation Z enacted as part of the Truth in Lending Simplification and Reform Act remains in effect today.

property used as the consumer's principal dwelling at the time the security interest is retained." 46 Fed. Reg. 20,848, 20,884 (April 7, 1981).

These express revisions are dispositive of Mr. Whitby's claim.  While Mr. Whitby may have intended or expected *eventually* to use the property as his principal residence, by his own admission it was not so used "*at the time the security interest [was] retained.*"[3]  *Id.* (emphasis added); *see also* Whitby Aff. ¶ 4.  As the property in question does not meet the "principal dwelling" requirement of TILA's § 1635 and Regulation Z, Mr. Whitby's TILA claim cannot stand.  In light of this conclusion, I need not consider Deutsche Bank's other arguments for dismissal.

### C.  Colorado Consumer Credit Code

Colorado's Consumer Credit Code was intended to simplify and clarify state

---

[3]   At oral argument, Mr. Whitby's counsel expressed concern that requiring a home be a consumer's principal residence at the time the security interest is retained – i.e., at the time of the mortgage – would not make practical sense because home buyers do not typically take possession of the home until after they close on their mortgage loan.  Whatever the merits of such an argument, I cannot ignore the plain language of the statute and regulations.  Indeed, Mr. Whitby's concern actually underscores another of Deutsche Bank's arguments for dismissal – that TILA does not apply to residential mortgages.  Mr. Whitby acknowledges that 15 U.S.C. § 1635(e) exempts typical residential mortgages from rescission, but contends that a 1995 amendment to the rescission provision, which added new subsection (i), expanded the rescission rights to cover residential mortgages when the property is in foreclosure.  While I do not rule on this alternative claim, I note that several district courts in this circuit have recently rejected arguments similar to Mr. Whitby's.  *See Ramos v. Countrywide Bank, FSB*, No. 2:09-cv-449, 2009 WL 3584327, *3 (D. Utah Oct. 26, 2009) ("Plaintiff argues that her right to rescind arises under 15 U.S.C. § 1635(i), which provides for a right of rescission in foreclosure actions under certain circumstances.  However, this provision does not apply because the right of rescission contained in 15 U.S.C. § 1635 – which necessarily includes § 1635(i) – does not apply to 'residential mortgage transactions.'"); *see also Shelburne v. Academy Mortg. Corp.*, No. 2:09-cv-757, 2009 WL 3459869, *3 (D. Utah Oct. 21, 2009); *Barrow v. Countywide Home Loans, Inc.*, 1:09-cv-53, 2009 WL 3418165, *2 (D. Utah Oct. 16, 2009).

consumer credit laws and, like TILA, to offer protection to consumers from unfair practices by credit suppliers. *See* Colo. Rev. Stat. § 5-1-102. Deutsche Bank argues that the statute applies only to "covered loans," which do not include residential mortgages. Def.'s Br. at 8; *see also* Colo. Rev. Stat. § 5-3.5-101(2). In response, Mr. Whitby states that Deutsche Bank is relying on the wrong section of the Code. Mr. Whitby focuses on the rights applicable to a "loan primarily secured by an interest in land" as set forth in Colo. Rev. Stat. § 5-5-204. Pl.'s Resp. at 9-10.

Section 5-5-204 provides:

For purposes of the provisions on civil liability for violation of the disclosure provisions contained in section 5-5-202 and on a consumer's right to rescind certain transactions contained in section 5-5-203, "consumer credit transaction" includes a transaction primarily secured by an interest in land without regard to the rate of the finance charge if the transaction is otherwise a consumer credit transaction.

A transaction "primarily secured by an interest in land" is specifically defined as a

consumer loan . . . primarily secured by an interest in land if, at the time the loan is made the value of the collateral is substantial in relation to the amount of the loan, and . . . the loan is secured by a first mortgage or deed of trust lien against a dwelling to . . . [f]inance the acquisition of that dwelling . . . .

Colo. Rev. Stat. § 5-1-301(26)(a)(II)(A). Mr. Whitby contends that his residential mortgage meets this definition. Pl.'s Resp. at 9-10.

I need not decide whether Mr. Whitby's mortgage is a "transaction primarily secured by an interest in land." As Mr. Whitby acknowledges, if his mortgage meets the definition in section 5-5-204 it simply qualifies him to seek the remedies provided in sections 5-5-202 and 5-5-203. *See id.* The issue then becomes whether he meets the requirements of those statutes.

8

### 1.  Section 5-5-202

Mr. Whitby claims that the defendants' insufficient disclosures occurred at or near the time of his closing on the property.  Section 5-5-202, which provides civil liability for violations of certain statutory disclosure provisions, expressly incorporates a one-year statute of limitations.  Colo. Rev. Stat. § 5-5-202(5) ("No action pursuant to this section may be brought more than one year after the date of the occurrence of the violation.").  Because the closing took place in December 2006 – more than two years prior to the filing of this litigation – any relief under section 5-5-202 is time barred.

### 2.  Section 5-5-203

Any claim under section 5-5-203 also fails.  Section 5-5-203, like TILA, provides a right to rescind certain transactions but, also like TILA, only applies where "a security interest is retained or acquired in any property that is *used as the principal dwelling* of the person to whom credit is extended."  Colo. Rev. Stat. § 5-5-203 (emphasis added).  For the reasons discussed above, the property in question was not Mr. Whitby's principal dwelling at the time the security interest – i.e., the mortgage – was acquired.  By its terms, then, section 5-5-203 does not apply.

In conclusion, even assuming that Mr. Whitby's residential mortgage falls within section 5-5-204, his CCCC claim is barred by the plain language of the substantive remedy provisions.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant's motion to dismiss [Docket No. 12] is GRANTED.  It

is further

**ORDERED** that plaintiff's claims are dismissed with prejudice.  The Clerk shall

forthwith enter judgment in favor of defendants Lime Financial Services, Ltd., Deutsche

Bank National Trust Company, and the Public Trustee, City and County of Denver, and

against plaintiff Michael L. Whitby.  Defendants are entitled to their costs.  *See*

D.C.COLO.LCivR 54.1; Fed. R. Civ. P. 54(d)(1).  It is further

**ORDERED** that any outstanding motions in this matter are denied as moot.


DATED November 18, 2009.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge